**Antonia Tavares DODIG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 92–70384.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 1, 1993.*

Decided Nov. 22, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

Frank D. Winston, San Francisco, for petitioner.

Stewart Deutsch, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

Petitioner conceded deportability, asked for a six month delay, and got it. She appealed to the Board of Immigration Appeals (BIA), arguing that the immigration judge should have granted her husband's unadjudicated petition to obtain immediate relative preference for her. Her husband had died before the petition was adjudicated. The BIA held that the immigration judge lacked jurisdiction to grant the petition. We affirm.

Petitioner entered the United States and shortly thereafter married an American citizen. Her husband petitioned for preference for her as an "immediate relative," because she was the spouse of a citizen. 8 U.S.C. § 1154(a)(1); 8 U.S.C. § 1151(b). Unfortunately, he died before the petition was adjudicated.

■ We review the BIA decision construing the law de novo, albeit with deference to the agency's interpretation of a statute it is charged with administering. *Ayala–Chavez v. INS,* 944 F.2d 638, 641 (9th Cir.1991); *Salehpour v. INS,* 761 F.2d 1442, 1445 (9th Cir.1985). The BIA construed 8 C.F.R. §§ 103.1(n) and 245.2(a)(5) to preclude the immigration judge and the BIA from granting relief on such an unadjudicated petition. We agree.

■ The petition for "immediate relative" preference is filed "with the Attorney General." 8 U.S.C. § 1154(a)(1). The Attorney General has delegated this authority, with exceptions not relating to this case, to the district directors. 8 C.F.R. § 103.1(n). Immigration judges and the Board of Immigration Appeals are not district directors; they occupy different places in the Department of Justice administrative structure. 8 C.F.R.

§ 3.1. The Attorney General has not delegated her authority to grant immediate relative preference to immigration judges or the BIA. The BIA correctly ruled that neither it nor the immigration judge had been delegated the Attorney General's authority to approve the petition for "immediate relative" preference.

 Petitioner argues that the immigration judge should have granted relief for humanitarian reasons, under 8 C.F.R. § 205.-1(a)(3):

> The approval of a petition made under section 204 of the Act and in accordance with Part 204 of this chapter is revoked as of the date of approval ... if any of the following circumstances occur ... before the decision on his application becomes final: ...
>
> (a) Relative petitions....
>
> ....
>
> (3) Upon the death of the petitioner unless the Attorney General in his discretion determines that for humanitarian reasons revocation would be inappropriate.

8 C.F.R. 205.1. We agree with the BIA that this relief was not available. The humanitarian relief in that regulation affords an exception to automatic revocation of "[t]he approval" of immediate relative petitions. 8 C.F.R. § 205.1. The regulation provides that approval is automatically revoked if certain things, including death of the petitioner, occur before final decision on the application. If the reason for automatic revocation of approval is death of the petitioner, then the Attorney General may grant humanitarian relief. This regulatory provision for automatic revocation of approval, with a humanitarian exception to revocation, does not operate unless there has been an approval. Petitioner's husband died before his petition for preference for his wife had been approved. The exception in the regulation therefore had no "approval" on which to operate.

Petitioner also argues that her attorney before the immigration judge provided ineffective assistance, because he failed to articulate the argument we reject in the previous paragraph. Of course that contention must be rejected.

AFFIRMED.