Gert Helmut **DIELMANN**, also known as Marshall Heinz, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 92–70544.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1994.

Decided Sept. 6, 1994.

Charles E. Nichol, Martin Resendez Guarjardo, San Francisco, CA, for petitioner.

Stuart M. Gerson, Joseph F. Ciolino, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: GOODWIN, WIGGINS, and BRUNETTI, Circuit Judges.

WIGGINS, Circuit Judge:

Gert Helmut Dielmann ("Petitioner" or "Dielmann") petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen his deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a and deny the petition for review.

## FACTS AND PRIOR PROCEEDINGS

Dielmann, a citizen of Germany, entered the United States on a tourist visa on January 12, 1989. He overstayed his visa, and deportation proceedings were initiated on May 24, 1990. The immigration judge found Dielmann deportable and denied his request for voluntary departure. *See* 8 U.S.C. § 1254(e). Dielmann appealed the denial of voluntary departure, but the appeal was dismissed on December 18, 1991 because he failed to file a brief in support of the appeal.

In the meantime, Dielmann had married a United States citizen. On April 29, 1992, Dielmann moved to have the deportation proceedings reopened on the basis of his application for adjustment of status to that of a lawful permanent resident because of his marriage and his wife's petition for an immediate relative visa, which were filed at the same time.

The BIA denied Petitioner's motion to reopen. The Board ruled that the unadjudicated visa petition did not establish that he was entitled to the relief he sought because his status may only be adjusted if he establishes by "clear and convincing evidence" that the marriage was entered into in good faith and not for the purpose of gaining entry to the United States. 8 U.S.C. § 1255(e)(3). Petitioner now appeals the BIA's ruling.

## DISCUSSION

Petitioner argues that the BIA erred by failing to defer its consideration of the motion to reopen until after the relative visa petition was adjudicated. Denial of a motion to reopen deportation proceedings on the grounds that the moving party has failed to establish a prima facie case for the relief sought is reviewed for an abuse of discretion.

*INS v. Doherty,* 502 U.S. 314, —— ——, 112 S.Ct. 719, 724–25, 116 L.Ed.2d 823 (1992).

Petitioner relies on *In re Garcia,* 16 I & N Dec. 653 (BIA 1978), which held that deportation proceedings are ordinarily to be reopened when a prima facie approvable visa petition and adjustment application have been submitted. *Id.* at 656. It would be an abuse of discretion for the BIA to fail to follow *Garcia* consistently. *Israel v. INS,* 785 F.2d 738 (9th Cir.1986). *Garcia,* however, is no longer the policy of the BIA.

■ The Immigration Marriage Fraud Amendments of 1986, Pub.L. No. 99–639, 100 Stat. 3537, and the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978, amended the immigration laws to require that a spouse seeking adjustment of status must either reside outside of the United States for two years or establish by clear and convincing evidence that the marriage was entered into in good faith and not for the purpose of immigrating to the United States. 8 U.S.C. §§ 1154(h), 1255(e). After these amendments, the BIA decided that it was no longer justified in assuming that an application for adjustment of status based on a marriage constituted a prima facie showing that a party moving to reopen proceedings is entitled to relief. *In re Arthur,* Interim Dec. 3173, 1992 WL 195807, 1992 BIA LEXIS 8 (BIA, May 5, 1992). The BIA explained that

> [a]n inquiry into whether the evidence submitted in support of a visa petition is sufficient, in light of the heavy burden imposed on the petitioner, to demonstrate prima facie eligibility for the preference sought would necessarily involve an in-depth examination into the merits of the petition. Such examination would, in our view, constitute a substantial and unwarranted intrusion into the district director's authority over the adjudication of visa petitions.

> In light of the foregoing discussion, we shall hereafter decline to grant motions to reopen for consideration of applications for adjustment of status based upon unadjudicated visa petitions which fall within [8 U.S.C. §§ 1154(g), 1255(e) ].

*Id.* (citation omitted). It is clear that *Arthur,* and not *Garcia,* is now the established policy of the BIA. Under *Arthur,* Petitioner's motion to reopen was properly denied.

■ Petitioner realizes that *Arthur* controls and argues that the precedent set in that case, and the Board's decision in his case, constitute a denial of due process. We review de novo the question whether the BIA's refusal to reopen violated due process rights. *Roque–Carranza v. INS,* 778 F.2d 1373, 1374 (9th Cir.1985).

Dielmann's due process claim is quite vague, and might be resolved against him on that ground alone. *See Luen Kwan Fu v. INS,* 431 F.2d 73, 75 (2d Cir.1970) (finding that there was "no merit whatever" to the petitioner's argument that the failure to act upon his application for refugee status deprived him, "in some way, obscure to us," of due process). There is no apparent lack of due process because Petitioner had the benefit of a full hearing, against which he lodges no complaints. We have, however, attempted to understand the argument. It seems to be that the BIA may not act upon a motion for reconsideration until the Service has resolved the relative visa because to do otherwise would allow the amount of time taken by the Service to work against the Petitioner's interests in the review.

■ We find no defect, constitutional or otherwise, in the policy adopted by the BIA. *Arthur* determined that a presumption in favor of the marriage's validity was inconsistent with the statutory mandate implemented by the 1990 amendments to the Immigration and Nationality Act, and refused to intrude upon the Attorney General's authority to adjudicate immediate relative visa petitions by engaging in an independent inquiry into the bona fides of the marriage. We find no fault with that conclusion. This court has recently affirmed that the authority to adjudicate immediate relative preference petitions properly rests with the Attorney General (who has, in turn, delegated it to the district directors), and not with the BIA or the immigration judge. *Dodig v. INS,* 9 F.3d 1418, 1420 (9th Cir.1993); *see* Immigration and Nationality Act of 1952 ("INA") § 204, codified at 8 U.S.C. § 1154. The same applies to the adjustment of status under INA § 245 (8

U.S.C. § 1255). The BIA was correct to await the Attorney General's determination.

Moreover, Petitioner is not wronged by the fact that the Attorney General, not the BIA, was charged with the adjudication of the immediate relative petition. Before *Garcia*, we approved a policy substantially the same as the current one. In *Phatanakitjumroon v. INS*, 577 F.2d 84, 86 (9th Cir.1978), this court held that the immigration judge had discretion to deny a motion to reopen because "on the date of the alien's application for adjustment of status he was not eligible for an adjustment of status as a matter of right because his wife's visa petition had not yet been approved." We were not swayed by the argument that "the finding of ineligibility here [was] based solely on a procedural requirement outside the control of the alien." *Id.; see also Pritchett v. INS*, 993 F.2d 80, 84–85 (5th Cir.) (finding *Arthur* reasonable and upholding a BIA denial of a motion to reopen), *cert. denied,* —— U.S. ——, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993). The BIA was entitled to presume that Petitioner was not statutorily entitled to an adjustment of status until the relative visa petition had been adjudicated. The BIA, therefore, did not err in denying the motion to reopen.

Finally, Petitioner is unable to show any prejudice due to the prompt adjudication of the motion to reopen. If the visa petition was not adjudicated as quickly as he would have liked, it is in substantial part due to the nine-month delay between the marriage and the filing of the relative visa petition.

## CONCLUSION

We conclude that Petitioner received all the process that was due him. The BIA did not err in denying his motion to reopen. Accordingly, the petition for review is DENIED.