59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Adebola Olasupo OSHUPORU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70658.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Azo-dsq-ttk.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adebola Olasupo Oshuporu, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") decision (1) affirming the immigration judge's ("IJ") denial of Oshuporu's application for adjustment of status under section 245(e)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1255(e)(3), and (2) denying Oshuporu's motion to remand. We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition.
 
 
 3
 Under the Immigration Marriage Fraud Amendments of 1986, Pub.L. No. 99-639, 100 Stat. 3537, and the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 49788, an alien spouse seeking adjustment of status based on a marriage entered into after deportation proceedings have been commenced must either reside outside of the United States for two years or establish by clear and convincing evidence that the marriage was entered into in good faith and not for the purpose of immigrating into the United States. See 8 U.S.C. Secs. 1154(g), 1255(e); Dielmann v. INS, 34 F.3d 851, 853 (9th Cir.1994).
 
 
 4
 Moreover, in Dielmann, we held that there was "no defect, constitutional or otherwise, in the policy adopted by the BIA" which required an alien seeking such adjustment to have an approved visa petition in order to state prima facie case of eligibility warranting a motion to reopen. 34 F.3d at 853 (citing In re Arthur, Int.Dec. 3173 (BIA1992)).
 
 
 5
 Given our decision in Dielmann, the BIA did not err by affirming the IJ's denial of adjustment of status and denying Oshuporu's motion to remand based on his unapproved visa petition. See id.; see also Pritchett v. INS, 993 F.2d 80, 82 (5th Cir.1993). Moreover, to the extent Oshuporu urges us to reconsider Dielmann, only a panel sitting en banc has the authority to overrule a prior decision of this court. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3