92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erick N. ROBLETO-SILES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70160.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1996.*
Decided July 25, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Overview
 
 2
 Erick N. Robleto-Siles petitions for review of a decision of the Board of Immigration Appeals which denied his application for asylum and withholding of deportation, and denied his motion to remand to apply for suspension of deportation. We deny the petition with respect to the denial of asylum and withholding of deportation, grant the petition with respect to the motion to remand to apply for suspension of deportation, and remand.
 
 Factual and Procedural Background
 
 3
 Robleto-Siles is a thirty-eight year old citizen of Nicaragua. He is married and has a child who is a citizen of the United States.
 
 
 4
 As a youth in Nicaragua, Robleto-Siles refused to participate in neighborhood guard duty and other political activities organized by the Sandinista Defense Committee ("CDS"). Members of the Sandinista Youth threatened him because he would not join them and wrote his name on the walls at school.
 
 
 5
 Members of Robleto-Siles's family also suffered harassment. When his family did not participate in CDS meetings, their food rations were cut and they had difficulty obtaining employment.
 
 
 6
 After high school, Robleto-Siles enrolled in the Autonomous University of Nicaragua. In August 1983, Robleto-Siles's education was interrupted when he was drafted into the reserves. While initially a reservist, Robleto-Siles was transferred to active duty. He was briefly trained and then assigned to a combat unit. He believed that he was drafted and given hazardous duties due to his anti-Sandinista views. In January 1984, Robleto-Siles was wounded and sent home.
 
 
 7
 On May 1, 1984, Robleto-Siles entered the United States without inspection. On August 17, 1989, the Immigration and Naturalization Service ("INS") charged Robleto-Siles with deportability. Robleto-Siles conceded deportability and requested asylum and withholding of deportation.
 
 
 8
 The Immigration Judge ("IJ") denied both asylum and withholding of deportation. Robleto Siles appealed to the Board of Immigration Appeals ("BIA"). Robleto-Siles also filed a motion before the BIA to remand his case to the IJ to allow him to apply for suspension of deportation. The BIA affirmed the IJ's decision and denied the motion to remand. One member of the BIA dissented from the denial of the motion to remand. This member believed the Robleto-Siles should be given the opportunity to argue the application for suspension of deportation before the IJ. Robleto-Siles timely petitions for review under 8 U.S.C. § 1105a(a).
 
 Discussion
 
 9
 I. The BIA did not err in denying Robleto-Siles's application for asylum.
 
 
 10
 The Attorney General has discretion to grant an alien asylum if the alien is determined to be a "refugee." 8 U.S.C. § 1158(a). A refugee is any person who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The well-founded fear standard has both a subjective and an objective component. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). "The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution." Id. at 338. The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution. Id.
 
 
 11
 We review the factual determinations underlying the BIA's denial of asylum for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's factual determinations must be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. An alien who seeks reversal of the BIA's eligibility determination "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.
 
 
 12
 "Where the Board exercises its power to conduct a de novo review of the record, our review is limited to the decision of the Board except to the extent that the IJ's opinion is expressly adopted by the Board." Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995); see also Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996).
 
 
 13
 A. The BIA's finding that Robleto-Siles did not suffer past persecution is supported by substantial evidence.
 
 
 14
 The BIA expressly adopted the decision of the IJ. The IJ found that Robleto-Siles had not suffered past persecution:
 
 
 15
 It is the respondent's subjective belief that to the extent he was singled out by the Sandinistas it was because of his family background. There are few if any objective facts to support that opinion. Based upon the respondent's description of the requirements placed upon him by the Sandinista regime they were not substantially different then [sic] the requirements placed upon every young man under the same or similar circumstances in Nicaragua.
 
 
 16
 We have reviewed the record and hold that this finding is supported by substantial evidence.[1]
 
 
 17
 B. The BIA's finding that Robleto-Siles did not have a well-founded fear of future persecution is supported by substantial evidence.
 
 
 18
 The IJ found that Robleto-Siles proffered insufficient objective facts to establish a well-founded fear of persecution. The BIA expressly adopted this rationale and additionally stated that the change in government in Nicaragua undercut Robleto-Siles's claim. We have reviewed Robleto-Siles's testimony before the IJ and agree that he failed to present credible, direct, and specific facts to support a reasonable fear of persecution. Substantial evidence supports the BIA's finding.
 
 
 19
 II. The BIA did not err in denying withholding of deportation.
 
 
 20
 Because Robleto-Siles failed to establish eligibility for asylum, he cannot satisfy the higher standard required for withholding of deportation. "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." Ghaly, 58 F.3d at 1429.
 
 
 21
 III. The BIA abused its discretion in denying Robleto-Siles's motion to remand to apply for suspension of deportation.
 
 
 22
 A motion to remand is governed by the same standards as a motion to reopen. Ubau-Marenco v. INS, 67 F.3d 750, 757 n. 9 (9th Cir.1995). The BIA denied Robleto-Siles's motion to remand on the ground that he failed to establish a prima facie case for suspension of deportation. We review for abuse of discretion. Dielmann v. INS, 34 F.3d 851, 852 (9th Cir.1994). The BIA commits an abuse of discretion where it fails to consider all relevant factors or fails to articulate its reasons for denying suspension of deportation. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995).
 
 
 23
 Under 8 U.S.C. § 1254(a)(1), the Attorney General has discretion to suspend deportation of an alien (1) who has been present in the United States for at least seven years, (2) who is a person of good moral character, and (3) whose deportation would "result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."
 
 
 24
 The BIA denied Robleto-Siles motion to remand on the ground that he failed to establish "extreme hardship." The BIA found that Robleto-Siles had not shown that he would be unable to readjust to living in Nicaragua; that he had not shown any unusual community ties in the United States; that he would depart the United States with occupational experience and assets of $29,000; that he had not shown that he would be unable to obtain employment in Nicaragua; and that he had the potential for adjusting his status. The BIA also took note of Robleto-Siles's United States citizen child.
 
 
 25
 Robleto-Siles argues that the BIA abused its discretion by failing to consider the hardship he would face if separated from his family. We agree. Robleto-Siles indicated in his motion to remand that "[t]he hardship claim is based on the existence of substantial close family ties in the United States." Additionally, in his affidavit in support of his application for suspension of deportation, Robleto-Siles stated:
 
 
 26
 My parents and all of my brothers and sisters are either citizens of the United States, lawful permanent residents, ayslees [sic] or now in the process of applying for issuance of immigrant visas. I have no immediate family still residing in Nicaragua. If I am required to return to Nicaragua I will suffer hardship due to seperation [sic] from my extensive, close family in the United States.
 
 
 27
 (Emphasis added). The BIA, however, entirely failed to consider this aspect of hardship. The BIA did note the existence of Robleto-Siles's child and the possibility that this child might accompany him to Nicaragua. But apart from this, the BIA ignored any hardship Robleto-Siles would face due to the separation from the remainder of his family.
 
 
 28
 In a hardship determination, "[t]he most important single factor may be the separation of the alien from family living in the United States." Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). The BIA failed to give proper consideration to this important factor and thus abused its discretion.
 
 Conclusion
 
 29
 We deny Robleto-Siles's petition with respect to the BIA's denial of asylum and withholding of deportation. We grant the petition with respect to the denial of the motion to remand to apply for suspension of deportation. Because Robleto-Siles has not yet prevailed on the merits, we deny without prejudice his request for attorney's fees pursuant to 28 U.S.C. § 2412. See Escobar Ruiz v. INS, 787 F.2d 1294, 1297-98 (9th Cir.1986), aff'd, 838 F.2d 1020 (9th Cir.1988) (en banc).
 
 
 30
 PETITION DENIED IN PART, GRANTED IN PART, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The BIA wrote: "Even if past persecution had been established in the instant case, we would not conclude from our independent review of the record that there are humanitarian or compelling bases that presently warrant a grant of asylum." Because we hold that substantial evidence supports the BIA's finding that Robleto-Siles failed to establish past persecution, we need not address this alternative finding