107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Enrique ORELLANA, Petitioner
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70742.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1997.*
Decided Feb. 07, 1997.
 
 1
 Before: BEEZER and KOZINSKI, Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jose Enrique Orellana, a citizen of El Salvador, petitions to review the decision of the Board of Immigration Appeals ("BIA") denying his petition for asylum and withholding of deportation. Orellana also petitions to review the BIA's order denying the reopening of deportation proceedings. We deny both petitions.
 
 I. Factual and Procedural Background
 
 4
 Orellana is a twenty-four year old citizen of El Salvador. He came to the United States in 1982 when he was ten years old. On November 22, 1993, the Immigration and Naturalization Service ("INS") instituted deportation proceedings against him. Orellana conceded he was deportable as an alien who had entered the United Stated without inspection, but requested asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). On November 10, 1994, an Immigration Judge ("IJ") denied both requests.
 
 
 5
 Orellana appealed the IJ's decision to the BIA. He also asked the BIA to reopen deportation proceedings before the IJ to allow him to pursue an adjustment of status application based on his marriage to a United States Citizen. The BIA dismissed the appeal, and denied Orellana's request to reopen deportation proceedings. Orellana timely petitioned this court for review pursuant to 8 U.S.C. § 1105a(a).
 
 II. Discussion
 1. Asylum and Withholding of Deportation
 
 6
 We review the factual determinations underlying the BIA's denial of asylum and withholding of deportation for substantial evidence. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's determination that an alien is ineligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. We will reverse that decision only if the applicant presented evidence that is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 484.
 
 
 7
 To establish eligibility for asylum, an applicant must establish either past persecution or a well-founded fear of future persecution on account of his or her race, religion, nationality, membership in a particular social group, or political opinion. See Ramos-Vasquez v. I.N.S., 57 F.3d 857, 862 (9th Cir.1995). To do so, an applicant must demonstrate that his or her fear of future persecution is subjectively genuine and objectively reasonable. Id. An applicant seeking withholding of deportation has the further burden of establishing a "clear probability" of future persecution. Id. Thus, an applicant who cannot make the showing necessary for asylum necessarily cannot meet the more stringent withholding of deportation burden. See Prasad v. I.N.S., 47 F.3d 336, 340 (9th Cir.1995).
 
 
 8
 Orellana testified that he came to the United States because the conditions in El Salvador scared him. While he was in El Salvador, all the banks near his neighborhood were bombed, and on one occasion he witnessed people who were "bloody and killed." Some of his friends had been taken from their homes and were never found. Orellana also introduced evidence that his uncle was shot by paramilitary forces in 1981.
 
 
 9
 The IJ found that Orellana failed to establish either past persecution or an objectively reasonable fear of future persecution.[1] The IJ noted that Orellana, when asked why he was scared of returning, could not articulate a reason, other than that the conditions in El Salvador had not changed. The IJ found this assertion to be without credibility given the dramatically changed circumstances in El Salvador, and given that Orellana could not produce any evidence that the government of El Salvador, or anyone else, had any interest in him whatsoever. The IJ further stated that, because of Orellana's criminal convictions in the United States,[2] he would use his discretion to deny Orellana's request for asylum even if he had established a well-founded fear of future persecution.
 
 
 10
 Orellana disputes the IJ's factual determinations. First, he argues that he presented evidence sufficient to show a well-founded fear of persecution on account of his membership in the social group of "young men singled out in El Salvador." We have recognized, however, that "the class of young, working class, urban males of military age [in El Salvador] does not exemplify the type of 'social group' for which the immigration laws provide protection from persecution." Sanchez-Trujillo v. I.N.S., 801 F.2d 1571, 1576-77 (9th Cir.1986). Even if it did, the IJ concluded that Orellana failed to demonstrate that the harm he allegedly feared was of a different degree than the danger and conditions that affected the population as a whole.
 
 
 11
 Second, Orellana argues that the evidence sufficiently showed a well-founded fear of persecution based on his family membership, and that the IJ improperly refused to allow Orellana's counsel to pursue this line of questioning. On appeal to the BIA, Orellana asserted that he would be persecuted on his return to El Salvador because family members have been harmed, injured, and killed. The BIA found that because Orellana was given a full and fair opportunity to testify as to why he feared returning to El Salvador but never testified that he feared returning to El Salvador because of the persecution of family members, his assertion lacked the requisite credibility and specificity to establish a well-founded fear of future persecution. See Aguilera-Cota v. I.N.S., 914 F.2d 1375, 1379 (9th Cir.1990) (where documentary evidence is unavailable, an applicant's testimony is sufficient to establish a well-founded fear of future persecution if it is credible, persuasive, and specific).
 
 
 12
 The BIA and IJ also concluded that Orellana's assertion was undermined for two additional reasons: (1) his sister continued to remain in El Salvador; and (2) he failed to establish any nexus between his uncle being shot by paramilitary forces in 1981 and his alleged fear of returning to El Salvador today.
 
 
 13
 Thus, the evidence in the record was not sufficient to compel a reasonable factfinder to find the requisite fear of persecution. Substantial evidence supports the IJ's findings that Orellana failed to establish eligibility for asylum. Accordingly, Orellana also failed to satisfy the higher standard required for withholding of deportation. Prasad, 47 F.3d at 340.
 
 2. Motion to Reopen Proceedings
 
 14
 The decision on an applicant's motion to reopen proceedings is reviewed for an abuse of discretion. Watkins v. I.N.S., 63 F.3d 844, 847 (9th Cir.1995).
 
 
 15
 Orellana argues that the BIA abused its discretion by refusing to reopen deportation proceedings for consideration of an application for adjustment of status based on his marriage to a United States citizen. Because Orellana's request was based on an unadjudicated visa petition, the BIA denied his request, citing its decision in Matter of Arthur, Interim Dec. 3173, 1992 WL 195807 (BIA, May 5, 1992) (refusing to grant motions to reopen for consideration of applications for adjustment of status based on unadjudicated visa petitions). We upheld Matter of Arthur in Dielmann v. I.N.S., 34 F.3d 851, 853 (9th Cir.1994) (finding no constitutional or other defect in the BIA's policy of assuming that a party's marriage to a United States citizen, absent an adjudicated visa petition, did not constitute the requisite prima facie showing that the party moving to reopen proceedings is entitled to relief). We accordingly conclude that the BIA did not abuse its discretion in denying Orellana's motion to reopen.
 
 
 16
 The petitions for review are DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable William B. Shubb, Chief United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA, after independently reviewing the record, adopted the IJ's opinion, with one modification, as its own. "To the extent that the BIA incorporates the IJ's decision as its own, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision. Except to that extent, our review is confined to the decision of the BIA." Gonzalez v. I.N.S., 82 F.3d 903, 907 (9th Cir.1996) (citations omitted)
 
 
 [2]
 On July 30, 1992, Orellana was convicted of receiving stolen property, for which he received a prison sentence of sixteen months