131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aurora Fe Abaoag JAQUIAS, a.k.a. Aurora Fe Abaoag Jaquias, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70980, Aci-jvr-kla.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Nov. 20, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aiw-ioi-lvj.
 Before BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner, Jaquias, is a native and citizen of the Philippines. She claims the Board of Immigration Appeals (BIA) abused its discretion by denying her motion to reopen her deportation case. Her motion requested that the BIA extend or reinstate her term for voluntary departure and reopen her case so that she could request a change in status. Her request for a change in status is based on an unadjudicated visa petition. The visa petition is founded on her marriage to a United States citizen during the pendency of her deportation.
 
 
 3
 The BIA has no authority to extend a term for voluntary departure. That power rests solely with the District Director. 8 C.F.R. § 244.2. Because it was beyond its jurisdiction, the BIA did not abuse its discretion by refusing to grant the requested extension.
 
 
 4
 The BIA may reinstate an alien's voluntary departure. But, that power is limited to reinstatement of terms 30 days from the date of its decision, or the original term set by the Immigration Judge (IJ), if it has not already expired. Matter of Chouliaris, 16 I & N Dec. 168 (1977). The BIA did grant petitioner's request for reinstatement of the original term of her voluntary departure. There is no abuse of discretion here.
 
 
 5
 Before granting a motion to reopen, the BIA requires a prima facie showing of eligibility for a newly acquired claim to relief from deportation. Matter of Arthur, 20 I & N Dec. 475 (1992). An unadjudicated application for adjustment of status based on a marriage that occurs during the pendency of deportation proceedings is not prima facie evidence of eligibility for an adjustment of status. Id.
 
 
 6
 The BIA's policy on unadjudicated visa applications based upon marriage to a United States citizen during the pendency of deportation proceedings is in accord with the statutory mandates of the amendments to the 1990 Immigration and Nationality Act Dielmann v. INS, 34 F.3d 851, 853 (9th Cir.1994).
 
 
 7
 Since petitioner could not meet the standard for reopening her case, it was not an abuse of discretion for the BIA to refuse to do so.
 
 
 8
 Petition DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3