Milen VALTCHEV, Petitioner–
Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

No. 00–55777.
D.C. No. CV–98–09291–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 6, 2001.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Milen Valtchev ("Valtchev"), appeals the dismissal of his habeas petition, filed pursuant to 28 U.S.C. § 2241. Contrary to the argument of the Immigration and Naturalization Service ("INS"), the district court had subject matter jurisdiction over Valtchev's habeas petition, regardless of whether Valtchev exhausted his administrative remedies. *See Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001). Valtchev's habeas petition, however, is without merit.

 Valtchev, who is in the United States illegally, has no fundamental right to remain in the United States. *See Shaar v. INS*, 141 F.3d 953, 959 (9th Cir.1998); *see also Harisiades v. Shaughnessy*, 342 U.S. 580, 586–87, 72 S.Ct. 512, 96 L.Ed. 586 (1952). While Valtchev enjoys Fifth Amendment due process rights in deportation proceedings, *see Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), he does not have a constitutional right to have his visa petition granted or denied within a certain period of time. Valtchev has the right to have the visa processed within the procedures authorized by Congress. *See Knauff v. Shaughnessy*, 338 U.S. 537, 544, 70 S.Ct. 309, 94 L.Ed. 317 (1950); *Dielmann v. INS*, 34 F.3d 851, 853 (9th Cir. 1994). Valtchev does not allege that the INS is not following the procedures set forth by Congress. His due process claim, therefore, is without merit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Additionally, Valtchev fails to adequately raise an estoppel argument that the INS should not be allowed to deport him due to the INS' delay in processing his visa petition. Valtchev does not assert "affirmative misconduct" on the part of the INS. At best, he has shown an unexplained delay for approximately forty-eight months, which is insufficient to support an estoppel claim. *See Jaa v. U.S. INS,* 779 F.2d 569, 572 (9th Cir.1986).

Valtchev has also failed to establish ineffective assistance of counsel. Counsel obtained a favorable voluntary departure period in exchange for withdrawing Valtchev's asylum claim. Counsel could reasonably have been attempting to conserve resources by pursuing what he thought to be the better course of action, Valtchev's visa petition. *See Magallanes–Damian v. INS,* 783 F.2d, 931, 934 (9th Cir.1986). Valtchev has not provided any evidence that his former counsel delayed in filing the visa petition or that any alleged delays were the result of counsel error.

Finally, Valtchev was not entitled to an evidentiary hearing. *See Campbell v. Blodgett,* 978 F.2d 1502, 1519 (9th Cir. 1992) (holding that an evidentiary hearing is required only when the petitioner asserts facts "which if proved, would entitle him to relief").

Accordingly, the district court's dismissal of Valtchev's habeas petition is **AFFIRMED.**[1]

---

1. We also **GRANT** the INS' motion to withdraw any reference to or argument in support of the application of the heightened standard for issuance of a stay of removal.