**Virna Cecilia PEREZ–MESA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70202.
INS No. A27–207–761.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Feb. 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BROWNING, PREGERSON, and REINHARDT, Circuit Judges.

MEMORANDUM**

Virna Cecilia Perez–Mesa ("Perez") petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen her deportation proceedings. We have jurisdiction under former Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a, as amended by Section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.

The BIA found that Perez failed to establish a prima facie case for withholding of deportation or asylum. To establish a prima facie case for withholding of deportation a petitioner must, *inter alia,* show a clear probability of persecution, and to establish a prima facie case for asylum, a petitioner must, *inter alia,* show a well-founded fear of persecution. *See Kataria v. INS,* 232 F.3d 1107, 1112–13 (discussing elements of asylum and withholding of removal claims). Denial of a motion to reopen deportation proceedings on the ground that the moving party has failed to establish a prima facie case for the relief sought is reviewed for an abuse of discretion. *Dielmann v. INS,* 34 F.3d 851, 852–53 (9th Cir.1994).

■ We conclude that the BIA did not abuse its discretion in determining that Perez had failed to establish a prima facie case for either withholding of deportation or asylum. The affidavits that Perez has provided in support of her asylum claim contain almost no information about the dates or circumstances of the threats and violence perpetrated against Perez's family, and almost no information about the motives or identities of the perpetrators of that violence. Thus, the BIA did not abuse its discretion in determining that Perez had failed to establish either a clear probability or a well-founded fear of persecution on the basis of political opinions that would be imputed to her as a result of her familial ties. The affidavits and other materials that Perez has provided do provide some evidence that Columbia is a dangerous place for people with connections to the United States. Those materials do not, however, compel the conclusion that Perez "is at particular risk—that her predicament is appreciably different from the dangers faced by her fellow citizens." *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1998) (internal punctuation omitted). Thus, the BIA did not abuse its discretion in determining that Perez had failed to establish either a clear probability or a well-founded fear of persecution on the basis of membership in a particular social group, e.g. relatives of United States citizens.

█ Perez argues that the BIA violated her Fifth Amendment right to due process by denying her motion to reopen without providing a "full and complete hearing." We disagree. Nothing in 8 C.F.R. § 3.2, which creates the BIA's authority to entertain motions to reopen, contemplates that the BIA will hold evidentiary hearings before deciding these motions. *See also Hernandez–Ortiz v. INS,* 777 F.2d 509, 514 (9th Cir.1985) (noting "motions to reopen are decided without a hearing").

█ Perez suggests that the BIA's denial of the motion to reopen runs afoul of Article 3 of the Convention on Torture. However, Perez did not present any claims under the Convention on Torture to the BIA, and "[m]otions to reopen for consideration of claims under the Convention on Torture may not be urged in the first instance before our court; an applicant must first exhaust his or her administrative remedies before the BIA." *Khourassany v. INS,* 208 F.3d 1096, 1099 (9th Cir. 2000).

The petition for review is DENIED.