Norma Angelica MARAVILLA–VALDEZ; Diana Angelica Valdez, a minor, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71518.

Agency Nos. A74–425–075, A75–526–049.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Norma Angelica Maravilla–Valdez, Diana Angelica Valdez, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration and Naturalization Service, Los Angeles, CA, John L. Davis, Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM**

Norma Angelica Maravilla–Valdez, and her minor daughter, Diana Angelica Valdez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's ("IJ") denial of their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002), and we deny the petition.

■ On April 21, 1999, Norma Maravilla–Valdez was served with a Notice to Appear. The IJ properly found that Norma Maravilla–Valdez's administrative voluntary departure to Mexico in August of 1989 constituted a break in her continuous physical presence under section 240A(d)(2) of the Immigration Nationality Act. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir.2003) (per curiam) (holding that an alien who elects to voluntarily depart to avoid removal proceedings does not continue to accrue "presence" in the United States).

■ The IJ also properly found that Diana Valdez did not qualify for cancellation of removal because she did not have a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D); *see also Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 597 (9th Cir.2002) (noting that a U.S. citizen or lawful permanent resident parent, child or spouse is a qualifying relative for cancellation of removal purposes).

■ Contrary to Norma Maravilla–Valdez's contention, the humanitarian exception to the automatic revocation of her immediate relative petition does not apply

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

because her husband died before her petition was approved. *See Dodig v. INS*, 9 F.3d 1418, 1420 (9th Cir.1993) (holding that the humanitarian exception to automatic revocation upon the death of a spouse under 8 C.F.R. § 205.1(a)(3)(i)(C) does not apply unless the petition has been approved).

■ We do not review Petitioners' ineffective assistance of counsel contention because they failed to raise this argument before the BIA. *See Cordon–Garcia v. INS*, 204 F.3d 985, 988 (9th Cir.2000).

PETITION FOR REVIEW DENIED.

