Daniel Gheorghe **TIMAR**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–72231.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Nov. 23, 2004.

Emmanuel G. Guerrero, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Coun-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

sel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Petitioner Daniel Gheorghe Timar petitions for review of an order of the Board of Immigration Appeals, affirming an immigration judge's (IJ) denial of his motion for a continuance.

Petitioner contends that the IJ abused her discretion by denying the motion while his application for adjustment of status, which relied on a claim of marriage to a United States citizen, remained pending. We are not persuaded.

Petitioner married Sherri after removal proceedings commenced and the marriage is, therefore, presumed to be an attempt to circumvent the immigration laws. 8 U.S.C. § 1255(e). The record does nothing to rebut that presumption; to the contrary, this was Petitioner's third marriage in less than three years, and his second wife said that he married in order to remain in the United States. Accordingly, the IJ was justified in concluding that the chances of a favorable ruling on Petitioner's application for adjustment of status were slim, and she did not abuse her discretion in denying the requested continuance. *See Dielmann v. INS,* 34 F.3d 851 (9th Cir.1994) (rejecting a petition for re-

view of an order denying a motion to reopen in circumstances similar to those presented here).

## PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.