Norma Angelica MARAVILLA–VALDEZ; Diana Angelica Valdez, a minor, Petitioners,

v.

Alberto GONZALES, Attorney General,* Respondent.

No. 03–73464.

Agency Nos. A74–425–075, A75–526–049.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard Hudson Share, Esq., Los Angeles, CA, for Petitioner.

Norma Angelica Maravilla–Valdez, Los Angeles, CA, pro se.

Diana Angelica Valdez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., William K. Olivier, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM ***

Norma Angelica Maravilla–Valdez, and her minor daughter Diana Angelica Val-

dez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' denial of their motion to reopen removal proceedings to apply for adjustment of status. We have partial jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Maravilla–Valdez's motion to reopen because she overstayed her period of voluntary departure. *See* 8 U.S.C. § 1229c(d); *de Martinez*, 374 F.3d at 763–64.

Contrary to Maravilla–Valdez's contention, *Celia Morales–Morales v. Ashcroft*, 384 F.3d 418 (7th Cir.2004) is inapplicable to her case.

We do not consider Maravilla–Valdez's contention regarding the District Director's refusal to apply the humanitarian exception to the automatic revocation of her immediate relative petition, because we already rejected this contention in a prior memorandum disposition. *See Maravilla–Valdez v. Ashcroft*, 90 Fed.Appx. 242 (9th Cir.2004).

■ We lack jurisdiction to consider Maravilla–Valdez's contention that she was never granted voluntary departure because only deportation and exclusion proceedings were available in August of 1989 and she was not placed in these proceedings, because she failed to raise this contention on appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004) (recognizing that exhaustion is mandatory and jurisdictional).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.